In re ATLANTIC COMPUTER
SYSTEMS INC., et al.,
Debtors.

Bankruptcy No. 90 B 12117.

United States Bankruptcy Court,
S.D. New York.

June 24, 1992.

Kleinberg, Kaplan, Wolff & Cohen, P.C. by Norris D. Wolff, Monica L. Kaiser, New York City, Special Counsel for debtors.

Fitzgerald, Schorr, Barmettler & Brennen by William Jay Riley, Omaha, Neb., Luskin & Stern by Jeanne Murphy, New York City, for Commercial Marketing, Inc.

EXTRACT FROM BENCH RULING ON DEBTOR'S MOTION TO DISALLOW THE CLAIM OF COMMERCIAL MARKETING

BURTON R. LIFLAND, Chief Judge.

The Court has considered the submissions of the parties prior to today's hearing. In addition, the Court, having recently been presented with similar issues to those raised by this motion, albeit in a somewhat different context, is fully familiar with the authorities cited and relied on by the parties. Consequently, based upon the record before me, I am prepared to render my decision.

I. *Summary Judgment*

As an initial matter, Commercial Marketing, Inc. ("CMI"), the claimant herein, asserts that the issue before the Court, i.e., whether the parties intended the Agreement dated June 28, 1989 between Atlantic Computer Systems, Inc. ("ACS"), a debtor herein, and CMI (the "June Agreement") to be a binding acquisition agreement, is ill-suited for summary judgment. CMI's assertion is not well founded. The Second Circuit Court of Appeals has recognized that in contract cases where "a question of intention is determinable by written agreements, the question is one of law, appropriately decided ... on a motion for summary judgment." *Arcadian Phosphates, Inc. v. Arcadian Corp.*, 884 F.2d 69, 73 (2d Cir.1989) (citing *Mallad Constr.*

*Corp. v. County Fed. Sav. & Loan Ass'n,* 32 N.Y.2d 285, 291, 344 N.Y.S.2d 925, 930, 298 N.E.2d 96, 101 (1973)). Since the Court can readily ascertain the intent of the parties by examining the terms of the June Agreement, the issue is ripe for determination on a motion for summary judgment.

## II. *Governing Law*

 It is a fundamental principle of contract law that no contract can be formed unless the parties intend to be bound. *Winston v. Mediafare Entertainment Corp.,* 777 F.2d 78, 80 (2d Cir.1985). In *Teachers Ins. & Annuity Ass'n v. Tribune Co.,* 670 F.Supp. 491 (S.D.N.Y.1987), the Court set forth a framework for determining the intentions of the parties in the context of "preliminary agreements." The Court noted that "there is a strong presumption against finding a binding obligation in agreements which include open terms, call for future approvals and expressly anticipate future preparation and execution of contract documents." *Id.* at 499. Nevertheless, a binding preliminary agreement can be found when "the parties have reached complete agreement on all the issues which require negotiation, but they have not completely formalized their agreement" or when "the parties have committed themselves to some major terms, but some terms remain to be negotiated." *Id.* at 498. With respect to the latter, the following factors are to be considered in determining whether an intent to form a binding preliminary agreement exists: (1) the language of the agreement; (2) the context of the negotiations; (3) the existence of open terms; (4) partial performance; and (5) the necessity of putting the agreement in final form. In *Arcadian Phosphates,* 884 F.2d at 72, the Second Circuit adopted the *"Tribune* framework" and indicated that the first *Tribune* factor, i.e., the language of the agreement, is the most important. *See also Ogden Martin Systems v. Tri–Continental Leasing,* 734 F.Supp. 1057 (S.D.N.Y.1990).

## III. *Analysis*

 An application of the *"Tribune* factors" to the record before me, leads me to the inescapable conclusion that the par-

ties did not intend the June Agreement to be a binding acquisition contract. In fact, as in *Arcadian Phosphates,* the first *"Tribune* factor", i.e., the language of the agreement, is dispositive of this motion. The express terms of the June Agreement clearly demonstrate an intent not be bound. Among other things:

— The language of the June Agreement expressly conditioned a final agreement on board approval and final pricing;

— The June Agreement anticipated execution of a *"final definitive"* portfolio purchase agreement; and

— The parties never agreed on several material contract terms, including which *assets* would be *purchased* and which *liabilities* would be *assumed* and neither term could be determined by any method or formula.

Based upon the plain language of the June Agreement, I find that the June Agreement did not constitute a binding contract the breach of which would give rise to a claim for damages against the Debtor. Just as in *Arcadian* and *Ogden Martin Systems,* the language of the agreement fails to overcome the presumption not to be bound and instead, indicates precisely otherwise. Moreover, I share the reluctance expressed by other courts "to impute an intent to be bound when the complexity of the transaction suggests that the parties would require the execution of a final contract." *Ogden Martin Systems,* 734 F.Supp. at 1069.

## IV. *Conclusion*

For the foregoing reasons, summary judgment is granted in favor of the Debtor and CMI's claim is disallowed in its entirety.